UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO ALVAREZ MENDOZA,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND,<br><br>　　　　　　　　　　　Respondent. | Case No.: 3:21-cv-01968-JES-MMP<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 30]** |

Before the Court is Petitioner's ("Petitioner" or "Mendoza") Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1). Having considered the relevant legal authority, and the moving, opposing, and replying papers, the Court **DENIES** Petitioner's Motion for Reconsideration.

## I.　BACKGROUND

On February 7, 2023, the Honorable Linda Lopez, who previously presided over this case, granted Respondent's Motion for Summary Judgment. ECF No. 29 ("Order"). The Order describes at length the factual background and procedural history of this case, which are incorporated here by reference. For this reason, the Court only emphasizes the following relevant background in this opinion.

Twenty-eight days after the Order was issued, on March 7, 2023, Mendoza moved, to alter or amend, or alternatively, seek relief from the Order – which the Court construes

1  as a Motion for Reconsideration. On March 20, 2023, this case was reassigned to the
2  undersigned, ECF No. 32. Respondent filed an opposition motion on March 22, 2023,
3  and Mendoza replied on March 29, 2023.

4      Mendoza's request for reconsideration under both Rule 59(e) and 60(b)(1) is based
5  on his attorney's failure to follow Judge Lopez' Civil Chambers Rules ("Judge Lopez'
6  Rules") requiring Mendoza to respond to Respondent's proposed statements of
7  undisputed material facts, otherwise the court would consider such facts conceded.
8  Mendoza argues his attorney's failure was due to "mistake and excusable neglect"
9  because of her unfamiliarity with Judge Lopez' Rules as her "primary areas of practice is
10 in immigration, practicing before EOIR and the Court of Appeals for the Ninth Circuit."
11 ECF No. 30-2 at 2. Respondent argues that Mendoza did not establish that
12 reconsideration is warranted because he argued no cognizable grounds for Rule 59(e)
13 relief and failed to demonstrate how his attorney's failure constituted mistake or
14 excusable neglect under Rule 60(b)(1) or an extraordinary circumstance under Rule
15 60(b)(6). ECF No. 33 at 4-10.

16     The Court discusses Mendoza's Motion for Reconsideration below.

17               **II.    LEGAL STANDARD**

18     Reconsideration is an "extraordinary remedy" that should be used sparingly. *See*
19 *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). As a result, a motion for
20 reconsideration should not be granted absent highly unusual circumstances. *389 Orange*
21 *St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v.*
22 *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

23     Federal Rule of Civil Procedure 59(e) and 60(b) govern motions for
24 reconsideration. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). A Rule
25 59(e) motion to alter or amend judgment must be filed no later than 28 days after the
26 entry of judgment, while a Rule 60(b) motion must be filed within a reasonable time, but
27 no later than one year after entry of judgment for Rule 60(b)(1)-(3) motions. *See, e.g.*,
28 *McGiboney v. Corizon*, No. 1:18-cv-00529-DCN, 2022 U.S. Dist. LEXIS 13998, at *6-7

(D. Idaho Jan. 24, 2022).

Specific grounds for reconsideration are not enumerated under Rule 59(e), as such "the district court enjoys considerable discretion in granting or denying the motion." *See, e.g.*, *Brighton Collectibles, Inc. v. RK Tex. Leather Mfg*, No. 10-CV-419-GPC (WVG), 2014 U.S. Dist. LEXIS 151945, at *3 (S.D. Cal. Oct. 24, 2014) (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)). In interpreting Rule 59(e), the Ninth Circuit articulated four grounds upon which reconsideration may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

On the other hand, Rule 60(b) permits reconsideration "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J*, 5 F.3d at 1263 (quoting *Fuller*, 950 F.2d at 1442).

A motion for reconsideration "does not give parties a 'second bite at the apple.'" *Stafford v. Rite Aid Corp.*, No. 3:17-cv-01340-AJB-JLB, 2020 U.S. Dist. LEXIS 190144, at *7 (S.D. Cal. Sep. 28, 2020) (quoting *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)). "'[A]fter thoughts' or 'shifting of ground' do not constitute an appropriate basis for reconsideration." *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342 L (LSP), 2009 U.S. Dist. LEXIS 63007, at *4-5 (S.D. Cal. July 15, 2009).

### III.  DISCUSSION

#### A. Rule 59(e) Motion to Alter or Amend Judgment

Mendoza requests the Court to alter or amend the Order granting summary judgment. Mendoza argues that, in opposing Respondent's motion for summary judgment, his failure to follow Judge Lopez' Rules to include a separate statement

indicating whether he agreed or disagreed with any material fact asserted in Respondent's moving papers was due to his attorney's mistake or excusable neglect. *See* J. Lopez Civ. Chambers R. § 3(F). The Court declines Mendoza's invitation to reconsider under Rule 59(e).

First, "mistake or excusable neglect" is not a recognizable basis justifying Rule 59(e) reconsideration. *Allstate Ins. Co.*, 634 F.3d at 1111 (enunciating manifest error of law or fact, newly discovered evidence or previously unavailable evidence, manifest injustice, and intervening change in controlling law as cognizable grounds for Rule 59(e) reconsideration). Second, Mendoza did not argue how the Order was clearly erroneous or present any newly discovered evidence. Although Mendoza has now proffered an exhibit of the disputed material facts he failed to include in his opposition to Respondent's motion for summary judgment, it does not constitute as newly discovered evidence. *See, e.g.*, *Torres v. Kernan*, No. 22-cv-09112 BLF (PR), 2023 U.S. Dist. LEXIS 81130, at *2 (N.D. Cal. May 8, 2023) ("[e]vidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling.") (citing *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011)). Finally, Mendoza did not demonstrate how reconsideration is necessary to prevent manifest injustice. Nor did Mendoza cite any cases supporting Rule 59(e) reconsideration or mention any intervening change in controlling law.

Because Mendoza failed to establish that he is entitled to reconsideration of the Order, no basis exists for granting Mendoza's Rule 59(e) request for reconsideration.

### B. Rule 60(b) Motion for Relief from a Judgment or Order

**1. Excusable Neglect**

Mendoza seeks Rule 60(b) relief from the Order based on mistake or excusable neglect. ECF No. 30 at 3. Mendoza relies on the same conclusory argument, he made under Rule 59(e), that his attorney's failure to follow Judge Lopez' Rules constitutes mistake or excusable neglect. Mendoza further argues that his attorney's unfamiliarity with Judge Lopez' Rules qualify as mistake or excusable neglect. The Court disagrees.

1  While Rule 60(b) carves out mistake or excusable neglect as appropriate bases
2  justifying relief, Fed. R. Civ. P. 60(b)(1), attorney error usually does not warrant relief
3  from a judgment under "excusable neglect" or "mistake." *See Collegesource, Inc. v.*
4  *Academyone, Inc.*, No. 08CV1987-GPC(MDD), 2015 U.S. Dist. LEXIS 164550, at *15-
5  16 n.6 (S.D. Cal. Dec. 8, 2015) (citing *Latshaw v. Trainer Wortham & Co.*, 452 F.3d
6  1097, 1100-01 (9th Cir. 2006)). Though the Ninth Circuit has not erected a rigid rule
7  making an attorney's failure to read applicable rules per se inexcusable, it has entrusted
8  the district court with the authority to contextually analyze circumstances of a case to
9  determine the issue of excusable neglect. *See Pincay v. Andrews*, 389 F.3d 853, 859 (9th
10 Cir. 2004) ("[w]e recognize that a lawyer's failure to read an applicable rule is one of the
11 least compelling excuses that can be offered[] . . . *Pioneer* itself instructs courts to
12 determine the issue of excusable neglect within the context of the particular case . . . Any
13 rationale suggesting that misinterpretation of an unambiguous rule can never be
14 excusable neglect is, in our view, contrary to that instruction.").

15 Here, even under a liberal construction of Rule 60(b), Mendoza's attorney's
16 inattention appears to exceed mere excusable neglect. At the very minimum, Mendoza's
17 attorney was aware of the existence of Judge Lopez' Rules. Both parties discussed
18 segments of Judge Lopez' Rules in emails and apparently conferrals – which Mendoza's
19 attorney did not dispute in her reply motion. ECF Nos. 33-1, 33-3. In fact, while the case
20 was before Judge Lopez, litigation between the parties had been ongoing for more than a
21 year prior to Mendoza moving for reconsideration. ECF No. 33 at 6. The Court is also
22 unpersuaded that Mendoza's attorney's failure to follow Judge Lopez' Rules amount to
23 excusable neglect because Mendoza's attorney repeated the same behavior. Namely,
24 Mendoza's attorney failed to follow Judge Lopez' page length limit for separate
25 statements and accompanying leave rules for overlength filings. J. Lopez Civ. Chambers
26 R. § 3(F).

27 Taken individually, these negligent acts may constitute excusable neglect, but
28 taken together they do not. Because Mendoza's attorney failed to cite any cases

supporting his argument and because the record demonstrates that Mendoza's attorney has not been otherwise diligent, Mendoza's failure to follow civil chambers rules is likely not simple carelessness or understandable oversight such that it could be classified as excusable neglect. As a result, the Court finds that Mendoza has not demonstrated excusable neglect.

### 2. Any Other Reason Justifying Relief

Though Mendoza did not raise any other Rule 60(b) basis meriting relief, the Court will consider whether a motion for reconsideration is appropriate under Rule 60(b)(6) because the facts and nature of Mendoza's argument implicates subsection (6). *Spates-Moore v. Henderson*, 305 F. App'x 449, 450 (9th Cir. 2008) ("[i]n *McKinney v. Boyle*, 404 F.2d 632 (9th Cir. 1968), we held that although a movant cited only to subsection (3) of Rule 60(b), the district court erred when it failed to address subsection (6), because the facts and the nature of the movant's argument . . . clearly implicated this subsection.").

Rule 60(b)(6) is a catch-all provision that is residual in nature and affords the court discretion to grant relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision should be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw*, 452 F.3d at 1103 (cleaned up). "Extraordinary circumstances occur where there are 'other compelling reasons' for opening the judgment." *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020) (citing *Klapprott v. United States*, 335 U.S. 601, 613, 69 S. Ct. 384, 389 (1949)).

"An attorney's actions are typically chargeable to his or her client and do not ordinarily constitute extraordinary circumstances warranting relief from judgment under Rule 60(b)(6)." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). However, the Ninth Circuit has held that an attorney's gross negligence amounting to virtual abandonment by counsel constitutes extraordinary circumstances. *Id.*; *Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012) (citing *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169-71 (9th

Cir. 2002)). Virtual abandonment exists when counsel abandons the advocacy of her client's cause by failing to perform an act necessary to proceed with her client's claims or defenses. *See, e.g.*, *Tani*, 282 F.3d at 1170 (concluding counsel "virtually abandoned his client by failing to proceed with his client's defense despite court orders to do so."); *Lal*, 610 F.3d at 525 (concluding counsel virtually abandoned client by failing, *inter alia*, to attend hearings, meet and confer, participate in case management conference, and make initial disclosures); *Moore v. United States*, 262 F. App'x 828, 829 (9th Cir. 2008) (holding that district court erred in denying Rule 60(b)(6) relief because "attorney 'virtually abandoned'" the "advocacy of the [clients'] cause" by "failing to respond to the motion for summary judgment, even after being warned that such an omission would result in a summary grant of the motion."); *Spates-Moore*, 305 F. App'x at 451 (remanding to district court for failing to consider whether "gross negligence and extraordinary circumstances sufficient to justify relief under 60(b)(6)" exist where attorney "effectively abandoned his client" in failing "twice to file timely oppositions to motions to dismiss; return phone calls; attend a pre-trial meeting that a local rule required; remember conversations with opposing counsel; respond to two postal notices; file an opposition to summary judgment; move for relief from summary judgment until more than seventy days after judgment was entered") (cleaned up); *Sosa v. Barnes*, No. CV 12-6073-JLS (PJW), 2017 U.S. Dist. LEXIS 216260, at *2 (C.D. Cal. Sep. 1, 2017) (granting relief pursuant to Rule 60(b)(6) because counsel failed to file any objections or a notice of appeal and failed to seek permission to withdraw as counsel as required by local rules); *Slama v. City of Madera*, No. 1:08-cv-00810-AWI-SKO, 2011 U.S. Dist. LEXIS 93378, at *29-30 (E.D. Cal. Aug. 21, 2011) (finding counsel's "conduct rises to the level of gross negligence as he 'virtually abandoned'" his client by failing to file oppositions to motions for summary judgment, failing to apprise client of pending motions, and deceiving client about the reasons why summary judgment was granted).

Specifically, in the context of summary judgment, the Ninth Circuit deemed Rule 60(b)(6) relief appropriate where counsel failed to oppose a motion for summary

judgment. *Spates-Moore*, 305 F. App'x at 451; *Moore*, 262 F. App'x at 829; *see also Jaroslawsky v. City & Cty. of S.F.*, No. C 12-04949 JSW, 2015 U.S. Dist. LEXIS 193605, at *5-6 (N.D. Cal. Apr. 6, 2015). No extraordinary circumstances exist where counsel opposes summary judgment, even if untimely. *See Lombardi v. Donovan*, 597 F. App'x 431, 431-32 (9th Cir. 2015) (affirming district court's denial of a Rule 60(b)(6) motion where counsel failed twice to timely oppose a motion for summary judgment, in part, because no extraordinary circumstances warranted relief).

Similarly, district courts in this Circuit have declined to grant Rule 60(b)(6) relief unless counsel failed to oppose a motion for summary judgment at all. For example, in *Markray v. AT&T-SBC-Pacific Bell Directory*, a plaintiff's request for Rule 60(b)(6) relief from a summary judgment order was denied because "her attorney's opposition to Defendants' [Motion for Summary Judgment] was substantively weak" and "her attorney did not deliberately mislead her about the status of her case." No. CV 07-08001 DDP (CTx), 2010 U.S. Dist. LEXIS 83552, at *8-9 (C.D. Cal. Aug. 13, 2010). Likewise, in *Jaroslawsky*, "[d]espite the many failings that [p]laintiff alleges . . .[,] her former counsel actively litigated her case. Counsel fully briefed oppositions to both a motion to dismiss and a summary judgment motion" and therefore the court declined Rule 60(b)(6) relief because the order granting summary judgment was "rendered on a well-developed record." 2015 U.S. Dist. LEXIS 193605, at *6-7. Both cases are analogous here because although substantively weak, Mendoza's attorney opposed Respondent's motion for summary judgment and actively litigated this case for over a year.

In the instant case, the overwhelming weight of Ninth Circuit authority indicates that Mendoza's attorney's failure to adhere to Judge Lopez' Rules is not gross negligence constituting virtual abandonment sufficient to warrant relief because Mendoza's attorney did not fail to oppose Respondent's motion for summary judgment and actively litigated the case. Therefore, the Court finds that Mendoza's counsel's failure was mere attorney negligence, not gross negligence amounting to virtual abandonment.

### IV.     CONCLUSION

For the reasons above, the Court DENIES Petitioner's Motion for Reconsideration.

**IT IS SO ORDERED.**

**Dated:  September 15, 2023**

_____
Honorable James E. Simmons Jr.
United States District Judge